Pierson R. Hildreth, S.
In this accounting the executor requests a construction to determine the priority of payment among general legacies because the assets are insufficient to pay them in full.
By article “ second ” of her will the testatrix made a general bequest of $250 to a cemetery for perpetual care of a plot designated as ‘2 the Lemuel Mamlock Burial Plot ’ ’ and also a general bequest of $500 to another cemetery for perpetual care of the plot referred to as “the Wilmot and Mary P. Oakley burial plot ” in which testatrix is interred. By article “ third ” she gave the aggregate amount of $3,000 to her sisters and brothers or their descendants. None of the legacies have been paid, nor has the executor as yet made any provision for perpetual care of the plot in which decedent is interred. Whether such perpetual care can be provided for by giving priority to payment of the legacy to such cemetery is primarily the question for determination. The present balance in the estate after payment of administration expenses, certain debts and the funeral bill is but $513.01, which is also subject to the incidental expenses of this accounting.
The court holds that the legacy of $500 for perpetual care of ‘ ‘ the Wilmot and Mary P. Oakley burial plot ’ ’ in which decedent is interred has priority over and is to be paid ahead of the other general legacies, and to that extent is to be considered as a reasonable expenditure for perpetual care of decedent’s burial plot.
A reasonable expenditure for perpetual care of a decedent’s burial plot is regarded as part of the funeral expense. (Surrogate’s Ct. Act, § 314, subd. 3.) Beasonable funeral expenses are preferred to all debts and claims. (Surrogate’s Ct. Act, § 216.) A general legacy for perpetual care of decedent’s plot to the extent it is reasonable for the purpose was considered to be part of the funeral expense and therefore held to be charged on real property in Matter of Lerch (151 Misc. 417 [1934]). The statement of the court in that case is applicable here, viz. (p. 418): “Although the bequest for the perpetual care of the cemetery plot is a general legacy, it is also a testamentary provision for part of the testator’s funeral expenses and, so far as reasonable, is payable out of decedent’s realty if the personalty is insufficient for that purpose.”
*888 It would appear that no balance will exist after payment of the bequest to said cemetery, but if there should be it will be distributed to the other general legatees pro rata. Submit decree accordingly.